(December 19, 1985)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE BRINSKO, Appellant.—Kane, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 7, 1983, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was suspected of being involved in the "Colgate" burglary, which was committed in Broome County on September 24, 1982. Although his whereabouts were then unknown, local authorities were aware that a Federal warrant had been issued for his arrest for crimes committed outside New York. Despite the existence of the requisite probable cause, an accusatory instrument was not filed in Broome County in connection with the "Colgate" burglary. The District Attorney's office reasoned that should defendant ultimately be arrested on the Federal warrant and waive his Miranda rights, it would be quite possible that he would provide incriminating information regarding the "Colgate" burglary.

On April 11, 1983, defendant was questioned by Lieutenant Robert Mazza of the City of Utica Police Department following his apprehension at a nearby "stake-out". The "stake-out" had

been arranged after certain information was made available to the police by an informant, who reported defendant's involvement in a series of burglaries in the City of Utica. At that time, the informant was not able to supply the police with defendant's name, date of birth or the fact that he was from the Binghamton area. Police were provided, however, with his description, a photograph and the information that he was quite sly and mobile. After his arrest and prior to questioning, defendant was given his *Miranda* warnings by Lieutenant Mazza and waived his right to counsel. He proceeded to admit to a series of burglaries in both the Utica and Washington, D. C.—Virginia areas, and provided a detailed description of his commission of the "Colgate" burglary in Broome County.

The issue on this appeal is whether defendant's right to counsel was violated by the intentional delay in filing an accusatory instrument. We think not. At the time defendant was questioned, Lieutenant Mazza was not aware of the "Colgate" burglary or defendant's connection therewith. Moreover, the record does not demonstrate any deliberate manipulation on the part of the police which caused any delay in or deprivation of defendant's right to counsel *(see, People v Wilson,* 56 NY2d 692, 694).

The People possess an unfettered right to decide the necessary quality and quantity of evidence required to commence a criminal proceeding, which, of course, begins upon the filing of an accusatory instrument (CPL 1.20 [17]; *People v Samuels,* 49 NY2d 218, 221). Precipitous action cannot be compelled by a prospective defendant, since there is no constitutional right to be arrested or prosecuted *(Hoffa v United States,* 385 US 293, 310; *People v Middleton,* 54 NY2d 474, 481).

Accordingly, the trial court was correct in denying defendant's motion to suppress his inculpatory statements and his plea of guilty should not be disturbed.

Judgment affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.