■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KELLER, Appellant.—Judgment unanimously affirmed. Memorandum: Sometime after midnight on September 8, 1984, defendant was seen by two witnesses running from the porch of a house located at 3 Maple Street in the Village of Franklinville, New York. Within 10 minutes, that house was in flames and three people were killed in the fire. Defen-

dant was observed at the fire scene by the same two witnesses who had observed him earlier and they reported this fact to a local police officer. After a State Police arson investigator determined that the fire had been set deliberately, the police and District Attorney decided to obtain a search warrant for defendant's residence to obtain the clothing defendant was wearing that night to test it for the presence of accelerants. A search warrant application was completed by Investigator Hayes. In the application, Investigator Hayes stated that he had arrested defendant in the past for arson. The application was supported by depositions from the two witnesses who observed defendant running from the house shortly before the fire and again at the fire scene. A deposition from the local police officer to whom the witnesses made their identification of defendant was included, as well as a deposition by Investigator Emerson, who concluded that the fire was an arson.

On September 8, 1984, Town Justice James Burrell went to the police station at about 9:00 A.M. and, after he reviewed the application, issued a search warrant for defendant's residence. At about 10:00 A.M., Investigator Hayes and the local police chief arrived at defendant's residence. They knocked on the door and defendant answered the door. Hayes asked if they could speak with defendant on the porch. Defendant stepped outside onto the porch. Hayes told defendant that he would like to question him about a fire that had occurred the previous evening. Hayes then read defendant his *Miranda* warnings. Defendant signed a waiver card and agreed to talk to the officers. He admitted that he had set the fire. He was then arrested, and his incriminating statements were ultimately reduced to writing. Following the suppression court's denial of his motion to suppress the statements, defendant pleaded guilty to three counts of felony murder.

On appeal, defendant argues that the suppression court erred on several grounds by failing to suppress his statements to the police. We have examined defendant's arguments and find them to be without merit. Initially, defendant argues that his arrest violated the rule set down by the Supreme Court in *Payton v New York* (445 US 573). *Payton* has no application to the facts of the case at bar. *Payton* prohibits the police from entering defendant's home to make a routine, warrantless arrest. In this case, the police did not enter defendant's home; defendant stepped outside onto the porch *(see, People v Kozlowski,* 69 NY2d 761, 763, *rearg denied* 69 NY2d 985). Moreover, the police did not approach defendant's home to make an arrest, but to execute a search warrant. Defendant was not

arrested until he made his post-*Miranda* incriminating statements.

Defendant further argues that the police chose to obtain a search warrant rather than an arrest warrant to circumvent defendant's right to counsel. We reject this argument. There is no constitutional right to be arrested and the police are not required to stop their investigation at the first indication that they may have probable cause in order to effect an arrest *(see, Hoffa v United States,* 385 US 293; *see also, People v Middleton,* 54 NY2d 474, 479; *People v Brinsko,* 115 AD2d 859, 860, *lv denied* 67 NY2d 940).

We further find that the search warrant was supported by probable cause. We agree with the People that the suppression court incorrectly applied the *Aguilar-Spinelli* test to this warrant application because the application was not supported by hearsay evidence *(see, People v Griminger,* 71 NY2d 635, 638-639 *[Aguilar-Spinelli* test used to evaluate *hearsay information* from undisclosed informant in application for search warrant]). However, from our review of the application, we conclude that the warrant application provided probable cause to believe that defendant's clothing would provide evidence of a crime *(see, People v Bigelow,* 66 NY2d 417, 423).

We have examined defendant's remaining contention and find it lacking in merit. (Appeal from judgment of Cattaraugus County Court, Kelly, J.—murder, second degree.) Present—Doerr, J. P., Denman, Pine, Balio and Lawton, JJ.