■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVENSON NELSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered May 17, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove beyond a reasonable doubt that he caused "physical injury" to the complainant as defined in Penal Law § 10.09 (9) and, therefore, his conviction for assault in the second degree must be reversed. However, since the defendant did not raise this ground in his motion for a trial order of dismissal, the issue is unpreserved for appellate review (see, People v Bynum, 70 NY2d 858). In any event, viewing the evidence adduced at the trial in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant hit the complainant on the knee with a bottle and on the head with a metal pipe. The complainant was taken by ambulance to the hospital where he received six stitches in the forehead, had his knee bandaged, and complained of pain in his knee. This evidence, combined with the complainant's testimony that he was "injured for seven to ten days" as a result of being hit on the knee, supported a finding by the jury that the complainant suffered a physical injury (see, People v Greene, 70 NY2d 860; People v Sutton, 161 AD2d 612; People v Crews, 159 AD2d 630; People v Nix, 156 AD2d 722; People v Lundquist, 151 AD2d 505). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, are without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.