■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBON C. COACHMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 14, 1990.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Thompson, J. P., Sullivan, Harwood, Miller and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELTON DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered January 18, 1990, convicting him of burglary in the first degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light must favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the complainant suffered "physical injury" as that term is defined in Penal Law § 10.00 (9). The complainant testified that the defendant threw a brick at him causing a deep gash in his hand which bled for over twenty minutes, which remained as a swollen "bump" two years later, and which limited his ability to grasp objects because of the pain. The complainant's statement "If I had to hold something hard with this and put pressure * * * It would ache me * * * Right now, I don't put too much pressure on it because I know it ache *[sic]",* further supported the jury's conclusion that the complainant sustained physical injury. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.