(October 22, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED NORDE, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), entered November 16, 1988, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him as a persistent felony offender, to a term of imprisonment of 25 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), the victim's testimony that as a result of her struggle with defendant, her hand became swollen and her fingers immobilized, and that she was told at the hospital that her fingers were sprained, was sufficient to establish physical injury within the meaning of Penal Law § 10.00 (9), even in the absence of medical testimony *(Matter of Christopher T.,* 156 AD2d 190; *see also, People v Tellis,* 156 AD2d 260, *lv denied* 76 NY2d 743). Further support for the finding of physical injury is to be found in the victim's testimony that even at the time of trial, a year after

the incident, she experienced pain when the hand was touched *(People v Rivera,* 158 AD2d 340, *lv denied* 76 NY2d 741).

There is no merit to defendant's mostly unpreserved claims with respect to the prosecutor's summation. The remarks of which defendant now complains were responsive to defense summation that went to great lengths to directly attack the truthfulness of the People's witnesses. The prosecutor was entitled to respond to those arguments *(People v Wright,* 172 AD2d 293, *lv denied* 77 NY2d 1003).

Finally, the court did not abuse its discretion in permitting the prosecutor to inquire into defendant's prior robbery convictions. The mere fact that the crimes charged were similar to those defendant had previously committed does not of itself warrant preclusion *(People v Cain,* 167 AD2d 131, *lv denied* 77 NY2d 836), and, with respect to the 1972 and 1974 convictions, much of the intervening period had been spent in prison *(supra).* While the record is not entirely clear as to whether the court intended to allow inquiry into the 1972 conviction, the parties must have understood that such was permitted, since there was no objection when the prosecutor inquired into it. Thus, defendant's present claim that the prosecutor disregarded the court's ruling regarding that conviction is unpreserved. In any event, the entire inquiry into defendant's criminal record consisted of only three questions. Concur— Sullivan, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.