■ The People of the State of New York, Respondent, v Sean Caviano, Appellant. [599 NYS2d 251] —Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered March 4, 1991, convicting defendant, upon his plea of

guilty, of attempted murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of imprisonment of from 10 to 20 years, unanimously affirmed.

In this case, in which New York City detectives traveled to Illinois to question defendant, then on active duty in the Navy, whom they suspected of murder, we defer to the findings of the hearing court, which credited the testimony of all of the witnesses except defendant and found that defendant voluntarily agreed to be interviewed, was fully advised of his *Miranda* rights, freely and voluntarily gave his statement to the detectives, never invoked his right to counsel, and did not request a telephone call to his mother prior to completion of the interview. Under the standards of *People v Hicks* (68 NY2d 234) and *People v Yukl* (25 NY2d 585, 589, *cert denied* 400 US 851), we find no credible evidence of restraint or other indicia of a custodial interrogation *(see generally, People v Rodney P.,* 21 NY2d 1, 8, 11). The interview itself was not unduly long and contained periodic breaks, defendant was provided refreshment, the tone of the interviews remained conversational throughout, and defendant's demeanor was calm and relaxed *(see, e.g., People v Yukl, supra,* at 587; *People v Bailey,* 140 AD2d 356; *compare, People v Anderson,* 42 NY2d 35).

Moreover, contrary to defendant's argument that Navy personnel were acting as agents of the detectives, the mere fact that the detectives contacted the naval investigators and asked that defendant be brought to a place where they could question him reflects no more than the fact that defendant was on duty on a naval base at the time and is not indicative of any type of joint investigative effort.

In urging that suppression is the appropriate remedy for the alleged violation of his right to counsel, defendant also relies upon the Court of Appeals decision in *People v Harris* (72 NY2d 614, *revd on other grounds* 495 US 14, *on remand* 77 NY2d 434), which held that "statements obtained from an accused following an arrest made in violation of *Payton [Payton v New York,* 445 US 573] are not admissible under the State Constitution if they are a product of the illegality." (77 NY2d, *supra,* at 440.) However, as noted by Justice Failla in his scholarly opinion, in light of defendant's concession that there was no violation of the rule in *Payton* (the Fourth Amendment prohibition against the police making warrantless and nonconsensual entries into a suspect's home in order to make a routine felony arrest), neither the Court's decision

in *Harris,* nor its rationale, which essentially reiterated the particular significance New York attaches to *Payton* protections and the importance of deterring their violation, warrant suppressing defendant's statements.

Finally, although the People concede that the detectives deliberately failed to secure an arrest warrant before speaking with defendant in order to avoid triggering his right to counsel, such action does not warrant suppression of his statement *(see, People v Robles,* 72 NY2d 689, 695-699).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Nardelli, JJ. *[See,* 148 Misc 2d 426.]