■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. FALLEN, Appellant. [599 NYS2d 182] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 24, 1991, upon a verdict convicting defendant of the crime of assault in the second degree.

Viewing the evidence, as we must, in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we conclude that the proof submitted was sufficient to establish the element of physical injury so as to support defendant's conviction for assault in the second degree. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While admittedly there is little direct evidence regarding the quantum of pain the victim sustained as the result of defendant's striking her with a candlestick during a 1990 domestic dispute, here, as in People v Rojas (61 NY2d 726, 727), the victim's testimony that the blow caused a three-centimeter laceration on her left palm which bled profusely, swelled so as to require one of the victim's rings to be cut off, necessitated medical attention, the insertion of stitches and resulted in a scar which was still visible at trial, was sufficient evidence from which the jury could infer substantial pain absent any testimony from the victim concerning the degree of pain she actually felt. In any event the foregoing, combined with the fact that it resulted in the victim missing two weeks of work, provide ample evidence of impairment of physical condition (see, e.g., People v Rivera, 183 AD2d 792, 793, lv denied 80 NY2d 933 [presence of scar alone is impairment sufficient to constitute physical injury]; People v Jones, 173 AD2d 359, lv denied 78 NY2d 1077; cf., People v Norde, 186 AD2d 456; People v Daniels, 178 AD2d 424, lv denied 79 NY2d 919; People v Nelson, 174 AD2d 580, lv denied 78 NY2d 971). Finally, upon exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

As regards defendant's alternative argument, given the increased frequency of his violent acts, the history of violence displayed toward this victim and his status as a second felony offender, we see no abuse of discretion in the 3½ to 7-year incarceration term imposed by County Court.

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.