■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO NOVA, Appellant. [603 NYS2d 863] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 3, 1992, convicting defendant, after a jury trial, of murder in the second degree and two counts each of robbery in the first and second degrees, and sentencing him to concurrent terms of from twenty-five years to life, eight and one-third to twenty-five years (twice) and five to fifteen years (twice), respectively, and order of the same court and Justice, entered May 20, 1992, denying defendant's motion to vacate his conviction, unanimously affirmed.

Defendant seeks to suppress his initial oral statement on the ground that it was given without the benefit of Miranda warnings, and his subsequent written and videotaped confessions, which were preceded by the warnings, on the ground that they were tainted by the initial statement. After an extensive hearing into the matter, the hearing court credited

the testimony of the People's witnesses and concluded that defendant had voluntarily accompanied the police to the precinct, that the first interview there did not constitute a custodial interrogation, and that defendant had knowingly and voluntarily waived his rights and confessed to the crime. The court also found that the written and videotaped statements were freely given after a knowing waiver of rights. Still other precinct house statements ascribed to defendant were held admissible on the ground that they were not the product of interrogation but merely conversations between the suspects or statements initiated by defendant.

The issue of whether a suspect is in custody is generally a question of fact (People v Centano, 76 NY2d 837). Not only did the hearing court find that defendant was not under custodial detention, but the jury, when confronted with the same issue, also rejected the defense claim. Since the record supports the conclusion of both the hearing court and the jury that defendant was not in custody prior to being given the Miranda warnings, their findings should not be disturbed (see, People v Caviano, 194 AD2d 429). Defendant clearly agreed to accompany the detectives to the precinct. He voluntarily answered the inquiries posed to him and displayed no agitation. He was not made physically uncomfortable, was offered food, drink and cigarettes, and the tone of the interviews remained conversational throughout. The questioning of defendant before the administration of the Miranda warnings lasted for about an hour and a half, a not unduly long period of time, and he never requested permission to call either his parents or a lawyer. Defendant's freedom of movement was not restricted, and the atmosphere was not at all coercive. There was also no indication that he ever wanted to terminate the interview and leave.

Under these circumstances, the hearing court could have, as it did, reasonably found that defendant was not in custody when he originally spoke with the police prior to being read his Miranda rights. The standard to be applied in ascertaining whether a suspect is in custody for Miranda purposes is "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; see also, People v Hicks, 68 NY2d 234, 240). "A suspect's awareness that the police may have incriminating evidence against him is generally irrelevant in determining whether the questioning is custodial; the critical consideration is whether he reasonably believes his freedom is significantly restricted. (Matter of

*Kwok T.,* 43 NY2d 213, 219-220.)" *(People v White,* 164 AD2d 413, 417, *affd* 79 NY2d 900.)

In any event, defendant's videotaped statement, taken seven and one-half hours after defendant finished his second written statement, his final response to police questioning, is admissible regardless of the admissibility of his morning statements. When, "as part of a continuous chain of events", a defendant is subjected to custodial interrogation without *Miranda* warnings, any statements made in response as well as any additional statements made after the warnings are administered and questioning resumes must be suppressed. *(People v Bethea,* 67 NY2d 364, 366, 368; *People v Chapple,* 38 NY2d 112, 114-115.) If, however, "there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning", his statements in answer to renewed questioning after he has received the warnings and waived his constitutional rights may be admitted *(People v Chapple, supra,* at 115). Such a definite, pronounced break in the interrogation occurred in this case *(see, e.g., People v Vientos,* 164 AD2d 122, 127, *affd* 79 NY2d 771; *People v Kern,* 149 AD2d 187, 222, *affd* 75 NY2d 638; *People v Bastidas,* 67 NY2d 1006, 1007). Defendant was not questioned at any time during the seven and one-half hour interval. And, as already noted, the detectives' initial questioning of defendant was free from coercion. Defendant received the full *Miranda* warnings for the second time as the videotaped session began. Thus, any infirmity in the morning statements was fully attenuated by the time the prosecutor's interrogation at the videotaped session began. Since the videotaped confession substantially duplicated defendant's morning statements, there is no reasonable possibility that the earlier statements affected the jury's assessment of defendant's guilt, even if the morning statements were improperly received. Thus, any error in receiving them was harmless.

Defendant's remaining two arguments also lack merit. The trial court granted virtually all of defendant's charge requests. Although the court did not instruct the jury in accordance with request number 5 and one of the sentences from request number 6, defense counsel conceded at the charge conference that request number 5 was redundant and unnecessary, and did not otherwise object to any portion of what the court stated that it intended to do. He certainly never asserted, as is claimed on appeal, that the court confused two theories of involuntariness that the defense wanted the jury to consider.

Therefore, defendant's claim with respect to the charge is unpreserved *(People v Whalen,* 59 NY2d 273, 280). In any event, the court's extensive charge to the jury on all aspects of the issue of the voluntariness of defendant's various statements was entirely satisfactory.

While an accused has the right to be present whenever substantive legal instructions are given to the jury *(People v Ciaccio,* 47 NY2d 431), the sort of minimal communication that occurred here between the court and the deliberating jury, wherein the Judge stepped briefly into the jury room to inform the panel to put into writing its request for evidence or exhibits was merely a ministerial act that did not require defendant's presence *(see, People v Lykes,* 81 NY2d 767; *People v Morales,* 80 NY2d 450; *People v Harris,* 76 NY2d 810). Since the facts alleged by defendant do not demonstrate any impropriety by the court, he was not entitled to a hearing on his motion to vacate the conviction. Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.