■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG E. BENSON, Appellant. [606 NYS2d 828] —Yesawich Jr., J. Appeals (1) from a judgment of the County Court of Tioga County (Seidlecki, J.), rendered June 4, 1992, convicting defen-

dant upon his plea of guilty of the crimes of burglary in the third degree, attempted criminal possession of a forged instrument in the second degree and criminal mischief in the third degree, and (2) by permission, from an order of said court, entered September 16, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Of the several points advanced by defendant, the only one requiring discussion is the claim that defendant was denied the effective assistance of counsel. This claim is based on the assertion that defendant's statutory right to a speedy trial, guaranteed by CPL 30.30, was infringed, and that his counsel's failure to raise this issue with County Court prior to defendant's guilty plea constituted ineffective representation.

On May 8, 1992, defendant pleaded guilty to three criminal counts stemming from three different indictments. The first indictment, charging burglary and petit larceny, was filed on November 26, 1991. Inasmuch as this indictment was the first accusatory instrument filed with regard to the charges contained therein, its filing constituted commencement of that criminal action, and consequently, less than six months transpired between commencement of that action and entry of defendant's plea.

The second action, in which defendant was charged with criminal mischief, was commenced when defendant appeared in Owego Village Court, on October 18, 1991, in response to an appearance ticket charging him with those crimes. The six-month period in that action would have expired in April 1992; defendant's argument that he never received the People's notice of readiness in this case, however, is belied by the record, for defendant's attorney expressly acknowledged having received that notice on February 20, 1992 when defendant was arraigned on the indictment which superseded the appearance ticket.

The third action, in which defendant was charged with second degree criminal possession of a forged instrument, a class D felony, must necessarily have been commenced by the filing of an accusatory instrument prior to defendant's arrest, which was effected pursuant to an arrest warrant, on November 3, 1991 *(see,* CPL 120.10 [1]; 120.20). The record contains a notice of readiness for trial in this action dated November 25, 1991, one day prior to defendant's indictment on the charges. Because a notice of readiness cannot be effective unless the People are actually ready for trial at the time it is filed *(see, People v Kendzia,* 64 NY2d 331, 337), and the People cannot

proceed to trial until the defendant is indicted *(see, People v Colon,* 59 NY2d 921), it is necessary to determine whether this notice of readiness was actually filed before the indictment. If it was filed before defendant was indicted, it is a nullity, and in the absence of any other proper indication of the People's readiness, defendant would have been entitled to have this third set of charges dismissed on speedy trial grounds. As we have previously held, the failure to bring such a motion constitutes denial of the meaningful representation guaranteed a criminal defendant by the United States and New York Constitutions *(see, People v O'Connell,* 133 AD2d 970, 971).

Because it is not at all clear from the record when, or if, this notice of readiness was actually filed with County Court,* the matter must be remitted for a hearing to further develop the record in this regard, during which time the appeal from County Court's order denying defendant's motion to vacate the conviction will be held in abeyance.

Defendant's other contentions, including those in his *pro se* brief, have been considered, and found meritless.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.

---

* Of some significance is the fact that defendant's indictment on these charges was also originally dated November 25, 1991, but the date was changed to conform to the date it was actually handed up, November 26, 1991. Thus, it is possible that the notice of readiness, like the indictment, though dated November 25, 1991, was not actually filed until the next day.