■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELGADO, Appellant. [618 NYS2d 311] —Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered July 1, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree, and sentencing him to a 5 year term of probation, unanimously affirmed.

The People are required to announce their readiness for trial within six months of the commencement of a felony criminal action, in this case, within 184 days of August 29, 1991, when the felony complaint was filed, plus any periods of time excludable under CPL 30.30 (4) *(People v Sinistaj,* 67 NY2d 236, 239). We agree with defendant that the period from January 9, 1992, when the People presented the case to Grand Jury, the Grand Jury voted an indictment, and the People filed a certificate of readiness and informed defense counsel by telephone that they were ready for trial to January 31, 1992, when defendant was arraigned and the People again announced their readiness for trial, are chargeable to the People, their announcement of readiness on January 9 being "illusory and insufficient to stop the running of the speedy trial clock" since the indictment was not actually filed until the next day, January 10 *(People v England,* 84 NY2d 1, 4; *see also, People v Benson,* 200 AD2d 861, 862-863; *People v Afshar,* 152 Misc 2d 615). However, we disagree with defendant that the People's subsequent announcement of readiness on January 31 was ineffective, the minutes of those proceedings showing that they had, in fact, announced their readiness for trial on that date, just as they had represented, without contradiction in their response to defendant's speedy trial motion. A negative inference that the People did not announce their readiness on January 31 should not have been drawn merely because they did not supply the minutes of the proceedings conducted on that date to the court with their opposition to defendant's speedy trial motion. Finally, with respect to the period from March 5, 1992, when defendant made an uncontested motion for inspection of the Grand Jury minutes, to May 19, 1992, when the People provided the minutes to the court, we find that 36 days, i.e., until April 10, was a reasonable period of time in which to produce the minutes *(see, People v Harris,* 82 NY2d 409), and charging the remaining time to the People, the result is that the People met their obligations under CPL 30.30. Concur—Ellerin, J. P., Ross, Nardelli and Tom, JJ.