■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIANO FERNANDEZ, Appellant. [618 NYS2d 708] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 3, 1992, convicting defendant, after jury trial, of murder in the second degree, two counts of robbery in the first degree, and two counts of robbery in the second degree, and sentencing him to concurrent terms of 25 years to life on the murder count, 8⅓ to 25 years on the first degree robbery counts, and 5 to 15 years on the second degree robbery counts, and order, same court and Justice, entered May 20, 1992, denying defendant's motion to vacate his conviction, unanimously affirmed.

The record supports the hearing court's findings that the police acted properly in allaying the fears and anxiety of defendant's mother by explaining that they wished to speak with defendant regarding a crime unrelated to the instant matter, and that the police did not prevent defendant's

mother from contacting an attorney at a time when no one even knew of defendant's whereabouts. Contrary to defendant's claim, there is no support in the record that defendant was being interrogated at the police precinct at the time his mother attempted to telephone there, because defendant's mother did not testify at the suppression hearing regarding the time she attempted to telephone the precinct, nor could she identify a person who allegedly advised her that her son was not there. Additionally, the trial court properly rejected defendant's request for a specific jury charge directing the jury's attention to the police contact with defendant's mother before they knew of defendant's whereabouts, and properly instructed the jury that defendant's custodial statements might be disregarded if the jurors found them to be involuntarily made *(see, People v Graham,* 55 NY2d 144, 147).

In deciding the appeal of codefendant Ricardo Nova *(People v Nova,* 198 AD2d 193, *lv denied* 83 NY2d 808), this Court rejected defendant's claim alleging impropriety in connection with jury instruction.

We perceive no abuse of discretion in sentencing. Concur— Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.