■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COUNTS, Also Known as Q., Appellant. [625 NYS2d 697] —Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 5, 1994, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was indicted on two counts of murder in the second degree arising out of an incident which took place on May 6, 1993 at the intersection of Sheridan Avenue and Lexington Avenue in the City of Albany, wherein Robert Hooks was stabbed nine times and died as a result of the injuries inflicted. A review of the record reveals that defendant, codefendant Donatien Lake and Lorraine Jones were arguing outside of Yana's Bar when Hooks came out of the bar and said something to defendant and Lake. Thereupon Hooks and defendant began an argument which escalated into a fight, at which time defendant, Lake and Jabar Gill were all observed beating Hooks. Gill testified that during the fight, he observed defendant pull a knife out of his pocket and strike Hooks with it in a "hammer-like motion".

Following a jury trial, wherein defendant and Lake were tried jointly, defendant was found guilty of murder in the second degree and sentenced to an indeterminate term of imprisonment of 25 years to life. This appeal has ensued.

Defendant contends that at the time certain statements were given by him to the police, the police had probable cause to arrest him and, because they intentionally failed to procure an arrest warrant in order to circumvent his right to counsel, they violated his constitutional rights. We disagree. Initially, we note that the arresting officer who obtained defendant's statements testified that the probable cause for defendant's arrest was based, in part, upon the statements defendant made to him, and County Court specifically found that there was no proof adduced to demonstrate any intentional delay to arrest defendant. Moreover, it is now well settled that there is no constitutional right to be arrested (see, People v Middleton, 54 NY2d 474, 481) and the police are at liberty to refrain from securing an arrest warrant in order to question the defendant in the absence of counsel (see, People v Caviano, 194 AD2d 429, 431, lvs denied 82 NY2d 892, 83 NY2d 803).

Next, defendant urges that County Court erred in refusing to instruct the jury as to the defense of justification. Again, we disagree. County Court was under no obligation to charge justification if no reasonable view of the evidence established

the elements of that defense (see, People v Reynoso, 73 NY2d 816, 818). In order for defendant to have been entitled to such a charge, there must have been some reasonable view of the evidence presented that defendant reasonably believed that deadly force was being used or about to be used against him and that defendant was unable to safely retreat (see, Penal Law § 35.15 [2]). Even viewing all of the evidence in a light most favorable to defendant, as we must (see, People v Padgett, 60 NY2d 142, 144-145), it does not support the defense of justification.

The record is devoid of any evidence that Hooks threatened defendant with the use of deadly physical force and defendant's own version of the events does not support such a finding. Defendant testified that while the fight was taking place, his coat was pulled over his head and he fell to the ground. He testified that he heard something hit the ground, saw a knife, picked it up and began swinging it at the people around him. Additionally, there is no record evidence to indicate that defendant attempted to retreat or that he was unable to do so with complete safety to himself.

Finally, we find no merit in defendant's contention that County Court abused its discretion in denying his motion for a severance. Contrary to defendant's assertions, it is clear that where, as here, the proof against two or more defendants is supplied by the same evidence, joint trials are preferred and only the most cogent reasons warrant separate trials (see, People v Thomas, 197 AD2d 719, lv denied 82 NY2d 904). Defendant presented no such reason at the time of his initial motion, and a review of the record before us reveals that the joint trial which ensued did not result in "unfair prejudice to [defendant]" and did not "substantially impair his defense" (People v Cruz, 66 NY2d 61, 73-74, revd on other grounds 481 US 186).

Mercure, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.