THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DYSON, Appellant. [635 NYS2d 372] —Judgment unanimously affirmed. Memorandum: Defendant argues for the first time on appeal that suppression of his statement to the police is required because it was obtained in violation of his right to counsel. He argues that there was a three-week delay between the decision to arrest defendant and the date of his warrantless arrest and that "the only conceivable reason" for the decision not to obtain an arrest warrant was to deprive defendant of his right to counsel, thereby enabling the police to obtain a statement from him in the absence of counsel. "The constitutional right to counsel is fundamental and its denial may, therefore, be raised for the first time on appeal" *(People v Banks,* 53 NY2d 819, 821). There is, however, no constitutional right to be arrested *(Hoffa v United States,* 385 US 293; *People v Keller,* 148 AD2d 958, 960, *lv denied* 73 NY2d 1017), and

there is no requirement that the police obtain an arrest warrant when, as here, defendant is arrested outside his home *(cf., Payton v New York,* 445 US 573; *People v Harris,* 77 NY2d 434).* Thus, even assuming, arguendo, that the police deliberately failed to obtain an arrest warrant before speaking to defendant in order to avoid the attachment of defendant's right to counsel, that failure would not require suppression of defendant's statement *(see, People v Caviano,* 194 AD2d 429, 431, *lv denied* 82 NY2d 892; *see also, People v Counts,* 214 AD2d 897).

Defendant's reliance on *People v Cooper* (101 AD2d 1) and *People v Edgerton* (115 AD2d 257, *lv denied* 67 NY2d 882) is misplaced; those cases involve delay between arrest and arraignment, while in this case defendant argues that there was pre-arrest delay. His reliance on *People v Harris (supra)* also is misplaced; that case involved a statement made following a *Payton* violation *(see also, People v Tondryk,* 176 AD2d 1194, *lv denied* 79 NY2d 833; *People v Keller, supra,* at 960). (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.) ·