■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANOLAN DEL VALLE, Appellant. [651 NYS2d 626] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 21, 1995, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, an 18-year-old, was charged with assault in the second degree as a result of an incident in which he purportedly slashed another youth in the side with a knife during a fracas. Convicted, after a jury trial, and sentenced as an adult to six months' incarceration and a five-year term of probation, defendant appeals.

We reject defendant's contention that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (*see*, CPL 30.30). The People were required to be ready for trial within 184 days of the filing of the felony complaint (*see*, CPL 30.30 [1] [a]; *People v Delgado*, 209 AD2d 218, 219, *lv denied* 84 NY2d 1030), which occurred on August 16, 1994. When they announced, on February 9, 1995, that they were ready for trial, 177 days had elapsed. In addition, the People concede responsibility for six days of postreadiness delay, occasioned by their failure to deliver the Grand Jury minutes to the court after they were received from the stenographer. As for defendant's assertion that the People should be charged with an additional 23 days because they were dilatory in requesting transcription of the Grand Jury proceeding, we find that unconvincing. The People are entitled to a reasonable period to procure Grand Jury minutes, measured (in this instance) from the time of defendant's motion for inspection (*see*, *People v Harris*, 82 NY2d 409, 413), and inasmuch as County Court found—not improperly, in our view—that the 23 days taken for that purpose was not excessive (*see*, *People v Edwards*, 215 AD2d 498, 498-499; *People v Delgado, supra*, at 219), no portion thereof is chargeable to the prosecution.

To urge, as defendant does, that the victim did not, as a matter of law, suffer "physical injury" (*see*, Penal Law § 10.00 [9]; § 120.05 [2]) is specious. The testimony established that when cut, the victim felt a sharp pain, bled profusely from a gash on his left rib cage area, was taken to the hospital by ambulance where he received stitches to repair a $2^1/2$ to 3-inch laceration and was admitted overnight for observation, and claimed that the wound began to "really hurt" in the middle of the night. This is more than enough to warrant submitting the matter to the jury (*see*, *People v Fallen*, 194 AD2d 928, *lv denied* 82 NY2d 753; *People v Pope*, 174 AD2d 319, 321, *lv denied* 78 NY2d 1079; *People v Chesebro*, 94 AD2d 897, 897-898).

Nor can County Court be faulted for denying defendant's motion to preclude the introduction of evidence arising from an out-of-court showup identification, because of the People's purported failure to comply with the notice requirements of CPL 710.30. As County Court noted, defendant received actual notice of the time, place and manner of the showup identification, as well as the People's intention to use that evidence at trial, well before the expiration of the statutory 15-day period (*see*, *People v Slater*, 166 AD2d 828, 829, *lv denied* 76 NY2d 1024; *People v Centeno*, 168 Misc 2d 172).

Lastly, given the nature and circumstances of his crime, we

are not disposed to disturb County Court's decision declining to grant defendant youthful offender status (*see, People v Buckley*, 196 AD2d 915; *People v Carter*, 158 AD2d 851, 853).

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.