■ In the Matter of SHAWNELL UU., a Person Alleged to be a Juvenile Delinquent, Appellant. IRA J. COHEN, as Sullivan County Attorney, Respondent. [659 NYS2d 531] —Mikoll, J. P. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 27, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

By petition dated March 14, 1994, petitioner charged respondent with the crime of unlawful possession of a weapon by a person under 16 years of age and with committing acts which, if committed by an adult, would constitute the crimes of as-

sault in the second degree (two counts) and assault in the third degree. The charges arose out of an altercation occurring earlier that day at Monticello High School in the Village of Monticello, Sullivan County, between respondent, then 15 years old, and another student. This altercation resulted in injury to three teachers who attempted to intervene in the fight.

Following a fact-finding hearing, Family Court adjudicated respondent a juvenile delinquent upon finding that during the altercation respondent had caused physical injury to teacher David Rowley by cutting him with a razor blade knife, an act which, if committed by an adult, would constitute the crime of assault in the second degree. The remaining charges were dismissed. Upon disposition, respondent was remanded to petitioner's care and custody for 12 months.

Finding merit to respondent's contention on appeal that the evidence was legally insufficient to support the assault charge, we reverse. In order for respondent to be found guilty of assault in the second degree, the evidence must establish that "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person * * * by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]). "Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Viewing the evidence in a light most favorable to the presentment agency (*see, People v Contes*, 60 NY2d 620, 621), we find that sufficient evidence of physical injury is lacking (*see, Matter of Phillip A.*, 49 NY2d 198, 200).

The testimony revealed that Rowley received "two very clean lacerations on the tips of two fingers", that he sought medical attention and that his physician treated the cuts with bandaids which he wore for four or five days. Although there was some bleeding, Rowley did not require sutures to close the wounds and admitted that no scarring or disability resulted. No testimony was offered as to whether these lacerations caused him any pain. On these facts, we do not find that the presentment agency proved that Rowley suffered "impairment of physical condition or substantial pain" within the meaning of Penal Law § 10.00 (9) so as to support the assault in the second degree charge (*see, e.g., People v Jimenez*, 55 NY2d 895, 896; *Matter of Kurt EE.*, 199 AD2d 945, 947; *People v Patterson*, 192 AD2d 1083; *cf., People v Plater*, 235 AD2d 597, 598). In view of our holding, we need not reach respondent's remaining contention regarding the element of intent.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered

that the order is reversed, on the law, without costs, and petition dismissed.