■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANDERSON, Appellant. [736 NYS2d 720] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered May 4, 2000, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant's conviction of assault in the first degree in violation of Penal Law § 120.10 (3) arises out of an altercation that took place in the early morning hours of March 14, 1998 between defendant and Robert Fredricks, during the course of which defendant repeatedly kicked Fredricks in the head, causing grave injury to his brain.

Initially, we reject the contention, raised for the first time on appeal, that the indictment was jurisdictionally defective. Count two of the indictment, which is the only count upon which the jury rendered a guilty verdict, supplies the date, time and place of defendant's offense, as well as the name of his victim. Although the factual recitation that defendant, "under circumstances evincing a depraved indifference to human life, did recklessly engage in conduct which create[d] a grave risk of death to [Fredricks], and thereby cause[d] serious physical injury to [him]" is conclusory, it nonetheless fulfills the "basic essential function of * * * notify[ing] the defendant of the crime of which he stands indicted" (People v Iannone, 45 NY2d 589, 598). Thus, although defendant had a plausible ground for moving to dismiss the indictment based upon its failure to adequately allow him to properly prepare for trial, or to seek a bill of particulars or discovery to rectify the deficiency (see, People v Morris, 61 NY2d 290, 293-294), in the absence of a timely objection before County Court, the current objection is not preserved for our consideration (see, People v Iannone, supra, at 600-601). "Insufficiency in the factual allegations alone, as opposed to a failure to allege every material element of the crime, does not constitute a nonwaivable jurisdictional defect * * *" (id., at 600-601 [citation omitted]).

Nor are we persuaded that County Court erred in its Huntley ruling or in admitting defendant's blood-spotted sneakers into evidence. First, although there appears to have been no reason why the police could not have obtained an arrest warrant before going to defendant's residence to arrest him, it is well settled that there is no constitutional right to be arrested (see, People v Middleton, 54 NY2d 474, 481; People v Counts [Q.], 214 AD2d 897, lvs denied 86 NY2d 792, 800). To the contrary, "the police are at liberty to refrain from securing an arrest

warrant in order to question the defendant in the absence of counsel" (*People v Counts [Q.], supra*, at 897). Therefore, a deliberate failure by the police to secure an arrest warrant before speaking with a defendant in order to avoid triggering his right to counsel is insufficient to warrant suppression of a statement (*see, People v Caviano*, 194 AD2d 429, 431, *lvs denied* 82 NY2d 892, 83 NY2d 803).

Further, the record does not support defendant's contention that he sought counsel before making his inculpatory statement to the police. In fact, defendant merely asked Detective Sergeant Mary Kaye O'Neill whether she thought he needed an attorney. She responded that he could have one, but defendant then replied that he did not want an attorney. Finally, in view of the reasonable assurances of the identity and unchanged condition of defendant's sneakers, the People's failure to establish a chain of custody went not to the admissibility of the evidence, but to the weight to be accorded it (*see, People v Julian*, 41 NY2d 340, 342-343; *People v Powell*, 209 AD2d 879, 882, *lv denied* 84 NY2d 1037).

Defendant's remaining contentions are unpreserved for our consideration or have been considered and found to be unavailing.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.