■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER HARRIS, Appellant. [797 NYS2d 614]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 17, 2002 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree.

Defendant was charged by indictment with the crimes of robbery in the first and second degrees based upon his participation in the holdup of a convenience store in the City of Albany. Two of defendant's accomplices, Kadesha Miller and Myava Murphy, pleaded guilty in connection with the robbery and testified against defendant and a fourth participant in the crime, Martese Slater (*see People v Slater*, 13 AD3d 732 [2004], *lv denied* 4 NY3d 803 [2005]). After a jury trial, defendant was found guilty as charged and later sentenced, as a predicate felony offender, to an aggregate prison term of 17 1/2 years.

We first turn on this appeal to defendant's claim that the statements he made to police following his apprehension should have been suppressed as the fruit of a violation of his indelible right to counsel. Specifically, defendant avers that law enforcement circumvented that right by arresting him without a warrant when, in fact, they possessed sufficient information to obtain a warrant prior to his arrest.

CPL 120.20 (1) provides that a warrant of arrest may be issued upon the filing of an accusatory instrument in the local criminal court. Inasmuch as such a filing also marks the formal commencement of a criminal action (*see* CPL 100.05), it necessarily follows that the right to counsel attaches contemporaneously with the issuance of an arrest warrant (*see People v Jones,* 2 NY3d 235, 240 [2004]; *People v Wergen,* 250 AD2d 1006, 1007 [1998]). Since the attachment of the right to counsel precludes police interrogation of the accused in the absence of counsel (*see People v Jones, supra* at 240-241), the courts of this state recognize the potential for circumvention of this rule. For example, it has been repeatedly held that an exclusionary rule extends to statements obtained by police in violation of the *Payton* rule in order to dissuade "law enforcement from violating one constitutional protection (unreasonably entering and seizing an accused in the home) for the purpose of circumventing another (the indelible right to counsel)" (*id.* at 241; *see People v Harris,* 77 NY2d 434, 439-440 [1991]).

Under the facts of the instant case, however, there exists no similar rationale for excluding the statements made by defendant. Defendant was not arrested in his home; he was spotted on the streets of Albany and, when approached by police—who had information that defendant may have been involved in a robbery—he took flight and was later apprehended in a nearby building. Regardless of whether the police had sufficient information to obtain an arrest warrant in advance of this encounter, it is well settled that, once defendant was discovered in the open, the police were "at liberty to refrain from securing an arrest warrant in order to question . . . defendant in the absence of counsel" (*People v Counts [Q.],* 214 AD2d 897, 897 [1995], *lvs denied* 86 NY2d 792, 800 [1995]; *accord People v Anderson,* 290 AD2d 658, 658-659 [2002], *lv denied* 97 NY2d 750 [2002]; *see also People v Martin,* 254 AD2d 692 [1998], *lv denied* 93 NY2d 855 [1999]; *People v Dyson,* 221 AD2d 1004, 1004-1005 [1995], *lv denied* 87 NY2d 1019 [1996]).

We next address defendant's claim that his convictions were not supported by legally sufficient evidence. With regard to the top count of the indictment, one is "guilty of robbery in the

first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime[, the defendant] or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver . . . [or] other firearm" (Penal Law § 160.15 [4]). Similarly, robbery in the second degree occurs when forcible theft is accompanied by the infliction of a physical injury upon a nonparticipant in the crime by the defendant or his or her accomplice (*see* Penal Law § 160.10 [2] [a]). Viewing the evidence in a light favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that the People satisfied the proof and burden requirements on all of these elements and, therefore, established a prima facie case from which a rational jury could conclude that defendant committed the crimes charged (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Luck,* 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

Miller and Murphy each testified that, while serving as lookouts, they witnessed Slater enter the store armed with a handgun, with defendant in close pursuit. Slater then proceeded to grab one of the store clerks by the neck, strike him with the gun and place it to the clerk's head, demanding money (*see generally People v Lopez,* 73 NY2d 214, 219-222 [1989]). During the struggle, Slater fired a shot, striking no one, and, after Slater took an unspecified amount of cash from behind the store counter, the four perpetrators exited the store. They then split the proceeds and went their separate ways. Moreover, the version of events given by Miller and Murphy was corroborated by defendant's own statement to the police and by a videotape from the store depicting all four perpetrators entering the establishment (*see* CPL 60.22 [1]). In addition, there was evidence indicating that the store clerk that was pistol-whipped by Slater suffered a laceration above his right eye requiring suturing at the hospital (*see People v Del Valle,* 234 AD2d 634, 635 [1996], *lv denied* 89 NY2d 1010 [1997]; *People v Fallen,* 194 AD2d 928 [1993], *lv denied* 82 NY2d 753 [1993]; *compare Matter of Shawnell UU.,* 240 AD2d 947, 948 [1997]). We find this evidence sufficient to support the charged crimes.

We also find unpersuasive defendant's claim that the evidence was insufficient to establish that he was a knowing participant in the crime. There was testimony that the four perpetrators discussed the robbery in advance and that defendant expressed a willingness to participate. Moreover, there was evidence that Slater test-fired his handgun in defendant's presence prior to entering the store and that defendant directly assisted in the robbery by pushing a second store clerk to the ground, holding

him down as Slater assaulted the store's cashier. Accordingly, notwithstanding defendant's claim, we find the evidence legally sufficient to establish his guilt under an accomplice theory (*see* Penal Law § 20.00; *People v Huntley*, 259 AD2d 843, 843-846 [1999], *lv denied* 93 NY2d 972 [1999]). Moreover, affording due deference to the jury's credibility determinations, we also conclude that defendant's convictions are supported by the weight of the evidence (*see People v Cancer*, 16 AD3d 835, 837 [2005]).

Furthermore, Supreme Court did not err in rejecting defendant's request for a missing witness charge. Although defendant made a prima facie showing that Ali Elmnteser, the store cashier assaulted by Slater, was "knowledgeable about a pending material issue and . . . would be expected to testify favorably" for the People (*People v Gonzalez*, 68 NY2d 424, 428 [1986]; *see People v Wills*, 183 AD2d 938, 939 [1992], *lv denied* 80 NY2d 935 [1992]), the People nonetheless established that Elmnteser was unavailable to testify due to the People's inability to ascertain his whereabouts despite their diligent efforts (*see People v Skaar*, 225 AD2d 824, 824 [1996], *lv denied* 88 NY2d 854 [1996]). An investigator testified that he learned that Elmnteser left the Albany area and either moved to New York City or returned to his home in Yemen. The investigator indicated that Elmnteser left no forwarding information, and federal immigration officials revealed no record of Elmnteser either leaving or entering the country. Accordingly, under these circumstances, a missing witness charge would not have been an appropriate sanction (*see People v Savinon*, 100 NY2d 192, 197-198 [2003]).

Finally, we have considered defendant's claim concerning the severity of his statutorily permissible sentence (*see* Penal Law § 70.06 [6] [a]; § 160.15) and, in light of defendant's criminal history—which includes a prior felony robbery conviction—and the seriousness of the offenses at issue here, we decline to disturb the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Cancer, supra* at 840).

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.