THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. NEWKIRK, Appellant. [856 NYS2d 431]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 4, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the facts, the indictment is dismissed and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]), arising from his alleged theft of computer monitors from a wholesale club. We agree with defendant that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although the weight of the evidence establishes that defendant and two accomplices went to the wholesale club with the intent to commit a larceny, it does not establish that defendant forcibly stole property (*see generally id.*).

The evidence presented at trial establishes that, upon entering the wholesale club, defendant and one of his accomplices saw a loss prevention employee, who was seated in a wheelchair

at the entrance/exit. After entering the wholesale club, defendant and that accomplice each picked up two boxed computer monitors, intending to steal them. As they approached the exit, the accomplice ran out first, whereupon the employee attempted to grab one of the boxes, causing the wheelchair to spin. The employee then left his wheelchair and followed the accomplice on foot. Defendant remained in the wholesale club and, immediately after the contact between the accomplice and the employee, defendant discontinued his participation in the larceny by dropping the two boxed computer monitors that he was carrying. The accomplice, followed by the employee, continued out of the wholesale club to a vehicle where the second accomplice was waiting. When the two accomplices attempted to drive away in the vehicle, the accomplice who had been with defendant in the wholesale club punched the employee in the face, causing the employee physical injury. Defendant walked out of the store as the two accomplices drove away in the vehicle, and he offered aid to the employee before walking away.

The evidence weighs heavily in favor of a finding that defendant neither "forcibly [stole] property" (Penal Law § 160.10), nor "solicited, requested, commanded, importuned, or intentionally aided [the accomplice in the wholesale club] in the commission of the crime" (*People v Carr-El*, 287 AD2d 731, 733 [2001], *affd* 99 NY2d 546 [2002]; *see* Penal Law § 20.00; *cf. People v Allah*, 71 NY2d 830, 832 [1988]; *People v Harris*, 19 AD3d 871, 873-874 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Mejia*, 297 AD2d 755 [2002], *lv denied* 99 NY2d 561 [2002]). We thus conclude that the jury failed to give the evidence the weight it should be accorded on the issue whether defendant shared "the mental culpability necessary to commit the crime charged," i.e., the intent to commit a forcible theft (*Carr-El*, 287 AD2d at 733; *see generally Bleakley*, 69 NY2d at 495). We therefore reverse the judgment, dismiss the indictment and remit the matter to County Court for proceedings pursuant to CPL 470.45. Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.