In the Matter of JONATHAN S., Appellant. ONEIDA COUNTY ATTORNEY, Respondent. [865 NYS2d 180]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered May 16, 2007 in a proceeding pursuant to Family Court Act article 3. The order, among other things, adjudged that respondent is a juvenile delinquent.

It is hereby ordered that the order so appealed from is unanimously reversed in the interest of justice and on the law without costs and the petition is dismissed.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of assault in the second degree (Penal Law § 120.05 [2]). Respondent failed to preserve for our review his

contention concerning the alleged legal insufficiency of the evidence (*see Matter of Troy F.,* 46 AD3d 467, 468 [2007]). We nevertheless review respondent's contention in the interest of justice (*see Matter of Yadiel Roque C.,* 17 AD3d 1168, 1169 [2005]), and we conclude that respondent is correct (*see generally People v Danielson,* 9 NY3d 342, 349 [2007]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). In order to meet its burden with respect to the charge against respondent, petitioner was required to establish that, "[w]ith intent to cause physical injury to another person, [respondent] cause[d] such injury to such person . . . by means of a . . . dangerous instrument" (Penal Law § 120.05 [2]). " 'Physical injury' means impairment of physical condition or substantial pain" (§ 10.00 [9]). Here, petitioner presented evidence that, as a result of his altercation with respondent, the complainant sustained a small cut below his eye and a puncture to his lip, and that the only treatment received by the complainant was an ice pack, a bandage, and ointment. The record is devoid of any evidence that the complainant had scarring or pain following the incident. We thus conclude on the record before us that the evidence is legally insufficient to establish the "impairment of [the complainant's] physical condition or substantial pain" (*id.; see Matter of Shawnell UU.,* 240 AD2d 947 [1997]; *see also People v Jimenez,* 55 NY2d 895 [1982]; *People v Richmond,* 36 AD3d 721 [2007]). In view of our decision, we do not reach respondent's remaining contentions. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.