■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PEREZ, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered October 31, 1989, convicting defendant, after a jury trial, of robbery in the first degree, criminal possession of a controlled substance in the

second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent prison terms of 4 to 12 years, 6 years to life, 2 to 6 years, and 2 to 6 years, respectively, unanimously affirmed.

Defendant failed to sustain his burden of showing sufficient privacy interests in the apartment to establish standing to challenge the warrantless police entry, search and seizure *(People v Wesley,* 73 NY2d 351, 358-359). Even if we were to consider the merits of defendant's claim, we would find sufficient exigency to justify the police conduct *(People v Derosario,* 179 AD2d 533; *see, People v Cruz,* 149 AD2d 151, 160).

By not timely and specifically objecting to the court's answering of oral questions from the jury during deliberations, defendant's argument that such violated CPL 310.30 is not preserved for review *(People v Derosario, supra).* In any event, since the court in these exchanges, was merely clarifying its answers to written questions, and defense counsel was fully aware of the inquiries and given an opportunity in each instance to make a record, it cannot be said that defendant was deprived of a due process right *(see, supra).* Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.