■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMOSTEDE MOJIAS, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J., at identification hearing; Robert Seewald, J., at trial), rendered May 18, 1989, convicting defendant after a jury trial of robbery in the second degree, and sentencing him to a term of imprisonment of 3 to 9 years, unanimously affirmed.

Defendant and an unidentified accomplice stole three gold chains from the victim. At the hearing on defendant's motion to suppress the victim's lineup and in-court identification testimony, the detective in charge of the lineup recalled that defendant asked for a lawyer, but had no recollection that defendant had revealed that defendant was trying to reach the lawyer who was representing him on a pending case. Prior to trial the court ruled that defendant could be cross-examined "as to whether [he] had been convicted of a misdemeanor in 1986." In the course of his direct testimony, defendant, who claimed he was home with his grandmother and a housekeeper, said that he had been convicted of a misdemeanor and that he had never been involved in a robbery, or "stickup". On cross-examination, the prosecutor initially asked defendant about the use of aliases, and defendant gave innocent explanations. After the court modified its *Sandoval* ruling, the prosecutor asked defendant whether he had earlier thrown a different woman to the ground. Defendant recalled the allegation, and on redirect offered an innocent explanation of the incident on which the 1986 charge was based.

Since the hearing testimony does not reveal that the detective excluded defendant's counsel from the lineup, the hearing court properly denied defendant's motion to suppress *(compare, People v Hernandez,* 70 NY2d 833, 835, and *People v Hawkins,* 55 NY2d 474, 482, *cert denied* 459 US 846, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *with People v LaClere,* 76 NY2d 670, and *People v Coates,* 74 NY2d 244, and *People v Davis,* 172 AD2d 555). Nor is defendant entitled to a new trial based on his claim that the prosecutor violated the court's *Sandoval* ruling. Defendant does not establish that he was prejudiced by the prosecutor's questions about his aliases *(see, People v Negron,* 161 AD2d 537), and his self-serving direct testimony opened the door to further examination on his conviction *(People v Woods,* 165 AD2d 798, 800, *lv denied* 77 NY2d 883).

The court did not err by giving a missing witness charge in connection with defendant's grandmother. Defendant's own testimony demonstrated that the grandmother was able to support his alibi and that she was available to testify *(People v Gonzalez,* 68 NY2d 424, 428-429; *see also, People v Kitching,* 78 NY2d 532, 537). It is natural to expect an accused who offers an alibi to produce a witness who could corroborate the alibi, and the grandmother's kinship and defendant's claim that he lived with his grandmother for 8 years made it natural to have expected him to call her.

Defendant also charges that trial counsel was ineffective, but he establishes no more than that counsel's efforts on his behalf were less than perfect, which is insufficient to find a violation of the constitutional right to counsel *(People v Baldi,* 54 NY2d 137). Defendant's claim that the court unfairly marshalled the evidence is unpreserved and meritless. We also find that defendant himself volunteered the fact that the photograph that the detective was carrying when he arrested defendant was a mugshot. Defendant also volunteered the fact that he was incarcerated at the time of the trial. Concur—Milonas, J. P., Rosenberger, Ross and Smith, JJ.