OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child stemming from the molestation of a five-year-old boy. During deliberations, the Trial Judge received a note from the jury stating, "Legal Terminology about Charges brought against defendant on all three accounts.” Without notifying defendant, defense counsel or the prosecutor, the Judge sent a note to the jury asking:
*769 "Do you wish the legal definition of each crime charged?
"or
"Do you wish the elements repeated?
"or
"Something else?”
The jury responded with a note stating, "We wish the legal definition of each crime charged.” The notes exchanged between the Judge and the jury were then marked as court exhibits and the jury was brought back into the courtroom. In the presence of defendant and counsel, the Judge read the last note into the record and proceeded to charge the jury with respect to the legal definitions of the crimes charged. Defendant took no exception to the charge itself or to the procedure employed by the court.
We agree with the Appellate Division that the clarification sought by the Trial Judge without prior notification to counsel did not constitute reversible error. Under CPL 310.30, upon a jury’s request for reinstruction or information, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper.” Section 310.30 does not require notice to defendant in every instance of communication from the jury to the court (see, People v O’Rama, 78 NY2d 270). In People v O’Rama (supra) we held that when an inquiry is received from the jury, "meaningful notice” to counsel must be provided so that defendant’s interests may be advocated in formulating a response (id., at 277-278). In most instances, that requirement is best served by requiring that all written jury requests be read into evidence in the presence of defendant and counsel so that counsel may be afforded an opportunity to participate in the framing of an appropriate response (id.; see also, United States v Ronder, 639 F2d 931). The point of our decision in O’Rama, however, was "not to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel’s input is most meaningful, i.e., before the court gives its formal response” (78 NY2d, at 278, supra).
*770 In the instant case, defendant and counsel were clearly afforded meaningful notice of the jury’s request prior to the time the Judge gave the jury any information or instruction. The Judge’s initial note was simply a request for clarification as to what the jury wanted. It conveyed no information pertaining to the law or facts of the case, and did not limit or channel the jury’s question, explicitly leaving open the possibility that the jury wanted "something else.” It did not purport to be a response contemplated and governed by the statute. Defense counsel had an opportunity to participate after the clarification was received from the jury and before the court gave the reinstruction as to the legal definitions of the crimes charged. We therefore conclude that, in the circumstances presented, the requirements of CPL 310.30 were not violated.