OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and a new trial ordered.
Defendant was convicted, after a jury trial, of robbery in the first degree, criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, and criminal possession of a weapon in the second degree. The charges stemmed from a narcotics buy- and-bust operation during which an undercover officer was held at gun point for 10 minutes. The Appellate Division affirmed the conviction. On the appeal to this Court, we reverse and order a new trial.
Several oral colloquies took place between the Trial Justice and the jury during deliberations. These occurred after the court had answered specific written inquiries from the jury with defense counsel’s participation (see, CPL 310.30; People v O’Rama, 78 NY2d 270). The subsequent oral exchanges included substantive discussions regarding reasonable doubt and constructive and actual possession, matters not part of the original written queries from the jury. The manner in which these discussions were conducted did not allow defense counsel, who was present and objected to at least one of the *803 substantive exchanges, to participate in the formulation of the responses.
As a threshold matter, we note that trial counsel for appellant joined in an objection made by counsel for a codefendant, after the colloquy which related to reasonable doubt. The court stated, "we’re just going to go on with that”. The issue now argued in this respect is thus sufficiently preserved for our review. We reject defendant’s contention that no preservation is necessary (see, People v O’Rama, supra, at 279). The situation in this case is clearly distinguishable from O’Rama with respect to preservation. That case arose out of a total deprivation to defense counsel of notice and an opportunity to participate meaningfully in the court’s response to a jury’s written inquiry. Here, defense counsel was present, was given notice, and participated in formulating the responses to the written jury queries. Thus, as to the written jury inquiries, the statute was satisfied. We conclude under these circumstances that traditional preservation rules are required (see, People v Mezon, 80 NY2d 155, 160-161), and that they were satisfied on this record.
On the merits, therefore, CPL 310.30, as interpreted by People v O’Rama (78 NY2d 270, supra), requires that counsel be given meaningful notice of jury inquiries. An important purpose of the statute "is to ensure that counsel has the opportunity to be heard before the response is given” (id., at 277 [emphasis in original]). The failure to give defendant’s counsel that opportunity with respect to the formulation of the trial court’s responses to the preserved, substantively different, "follow up” questions posed by the jury violated CPL 310.30. The notice and opportunity to participate in formulating responses to the initial juror inquiries (i.e., the written notes) cannot validate or substitute for the foreclosure of meaningful participation as to the subsequent oral exchanges. Since the “follow up” questions changed the substantive scope of the initial written inquiries, any input defense counsel had proffered regarding the responses to the initial jury notes did not suffice to satisfy the statute as to the subsequent colloquies.
Additionally, we observe that the colloquies in the instant case do not qualify as mere clarifying inquiries from the court like those in People v Lykes (81 NY2d 767). In Lykes, the jury was not given any substantive information or instructions; here, the jury received additional instructions on crucial, distinct, substantive issues.
*804 While a new trial is thus required as to this appellant, it is worthy of note that his remaining argument, that a Wade hearing was also required, is meritless. As we indicated in People v Polanco (80 NY2d 1012), with respect to appellant’s codefendant, the identification by the undercover officer was merely confirmatory and no hearing was necessary (People v Wharton, 74 NY2d 921).
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order reversed, etc.