■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEE, Appellant. [595 NYS2d 471] —Judgment of the Supreme Court, New York County (Ira Beal, J.), rendered January 9, 1990, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him to two concurrent terms of imprisonment of four and one half to nine years, unanimously reversed, and the matter remanded for a new trial. Judgment of the same court (Leslie Crocker Snyder, J.), rendered March 16, 1990, convicting defendant, upon his plea of guilty, of violation of sentences of probation imposed on two convictions for criminal sale of a controlled substance in the fifth degree and sentencing him to two concurrent terms of imprisonment of two to six years, unanimously affirmed.

On the morning of January 21, 1987, undercover Police Officer James Abbazia approached a group of men on the corner of Bleecker and Lafayette Streets in Manhattan and asked for "D," i.e., heroin. After a brief discussion, a man whom Abbazia identified as defendant handed him two glassine envelopes stamped "DT-88" as Abbazia gave a second man $20. Two to three minutes later, Abbazia radioed descriptions to his backup team. He described the man who had given him the drugs by race, weight, height, age and dress. A

minute later defendant, who fit the description, was arrested. He was found to have two glassine envelopes marked "DT-88." No prerecorded buy money was recovered from defendant or the others arrested. A few moments later, Abbazia drove by and made a confirmatory identification.

At trial, defense counsel argued that defendant had been mistakenly arrested and, though he conceded that defendant possessed the heroin found on him at his arrest, argued that it was for his own use. As to the drugs sold to Officer Abbazia, the court submitted to the jury the charge of criminal sale of a controlled substance in the third degree, and as to the drugs found on defendant the court submitted criminal possession of a controlled substance in the third degree (intent to sell) and, as a lesser included offense, criminal possession of a controlled substance in the seventh degree (simple possession).

In its charge the court explained that the difference between the second and third counts was that the third count did not require that the People prove that defendant had the intent to sell the drugs, but the court did not actually provide a definition of "intent to sell." During jury deliberations, the court received a written inquiry regarding the elements of the first two counts and the definition of a sale. After responding to that inquiry, although the court had previously warned the jury that all inquiries must be in writing and submitted through the foreperson, the court asked the jury if there were any other questions. One juror immediately responded with a request as to the definition of "intent to sell." The court thereupon gave the following instruction:

"In this case, you have to assume—I don't want anybody to think from my example that the defendants are guilty, but the example I have to give are of illegal conducts, so I don't want you to think I'm suggesting to you [that I] think Mr. Lee is guilty. Let's get past that. You have to determine whether you are convinced from all the facts that Mr. Lee possessed this heroin with intent to sell it. There is no way any of us can look into the mind of someone, and intent is, after all, a subjective state of mind. You are—it would not be unreasonable for you to conclude that: He sold the first two packs, I therefore conclude he was going to sell the second two. Now, again, I'm not suggesting that he did make the sale or that you should conclude this, but that would not be an unreasonable conclusion, assuming you were convinced there was a sale under the first count. If you are convinced that somebody has some stock to trade and has one lawn mower and sells a second one, you can conclude he is going to sell that one too.

Again, I'm not suggesting it, but it's not unreasonable to conclude under the circumstances. On the other hand, if you have a reasonable doubt, you can acquit him.

"JUROR: It's from our inference—

"THE COURT: It's from the conclusion of the facts you heard in this case".

At the conclusion of this instruction, defense counsel promptly objected to the substance of the supplemental charge.

Under CPL 310.30, defense counsel must be given notice of any inquiry made by the jury during deliberations and an opportunity to be heard before the court responds to the inquiry *(People v O'Rama,* 78 NY2d 270, 276-277; *People v Boyne,* 174 AD2d 103, 106-108). In *People v DeRosario* (81 NY2d 801), the Court of Appeals held that a prompt, substantive objection by defense counsel to a response by the court to an oral inquiry from the jury adequately preserves for review the issue of whether the court has violated CPL 310.30. In this case, such an objection was interposed. Since there is no question that the supplemental charge was on a substantive matter and that defense counsel was not given an opportunity, prior to the delivery of the supplemental charge, to inform the court of the defense position on the jury's inquiry, a new trial is required.

While it is clear that the court's error in immediately responding to the oral inquiry on a new substantive matter requires reversal regardless of the content of the response, we note that the supplemental charge in this case, was, in fact, erroneous, in that it virtually directed the jury, once it had found defendant guilty of selling heroin to the undercover officer, to find that defendant had possessed the other two packets with the intent to sell them. It is fundamental that the court's charge must avoid any encouragement to the jury that it should draw a certain inference from the facts *(see, People v Williams,* 66 NY2d 789). In this case, while the court repeatedly disavowed its intention of influencing the jury, its failure to provide the alternative, equally likely inference that could be drawn from its hypothetical example, i.e., that a person who has two lawnmowers (or quantities of heroin) and sells one, intends to keep the other one for his own use, strongly encouraged the jury to reject the possibility that defendant did not intend to sell the second two packets. Concur—Milonas, J. P., Ellerin, Asch and Kassal, JJ.