■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN GREEN, Appellant. [615 NYS2d 685] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered July 14, 1992, convicting defendant, after a jury trial, of two counts of sodomy in the first degree, sexual abuse in the first degree, and resisting arrest, and sentencing him, as a second violent felony offender, to concurrent prison terms of 12½ to 25 years, 12½ to 25 years, 3½ to 7 years and 1 year, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict of guilty of the two counts of sodomy in the first degree. Moreover, upon an independent review of the facts, we find that the jury's determination that defendant placed his penis in the teenage victim's anus was not against the weight of evidence (see, People v Bleakley, 69 NY2d 490, 495).

The trial court properly modified its Sandoval ruling and allowed the prosecutor to cross-examine defendant concerning the underlying facts of two 1987 robbery convictions, defendant's direct testimony concerning why he had approached the victim having opened the door to further inquiry. A Sandoval ruling does not allow a defendant to deceive the jury and be free from confrontation. A defendant who takes the stand is obliged to speak truthfully and accurately (People v Santiago, 169 AD2d 557, 558, lv denied 77 NY2d 1000). Absent a showing of prejudice, defendant's argument that the trial court erred in permitting the prosecutor to cross-examine him

concerning his use of aliases is also without merit *(People v Mojias,* 184 AD2d 424, *lv denied* 81 NY2d 764).

Defendant's claim that the trial court did not give him meaningful notice of a jury note is not preserved for review as a matter of law, trial counsel being present when the note and response thereto were read by the court and having had a full opportunity to suggest an appropriate response *(see, People v DeRosario,* 81 NY2d 801).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Williams, JJ.