■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MITCHELL, Appellant. [625 NYS2d 157] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered October 28, 1991, convicting defendant, after jury trial, of attempted burglary in the first degree, criminal possession of a weapon in the third degree, and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 10 years to life, 6 years to life, and 1 year, respectively, unanimously modified on the law, as a matter of discretion and in the interest of justice, to the extent of vacating defendant's conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and remanding for a new trial thereon, and otherwise affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of attempted burglary in the first degree was proven beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), and the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). Contrary to defendant's argument, raised for the first time on appeal, the attempted burglary did not terminate when the complainant encountered defendant and grabbed him. The complainant's defensive action did not constitute a citizen's arrest, as there is no evidence that the complainant either intended to effect such an arrest, or followed the statutory procedure of informing defendant of the reason for such arrest (CPL 140.35 [2]). Not every temporary superiority which a citizen may secure in a struggle with a criminal may be considered an arrest or break in the crime *(see, People v Smith,* 232 NY 239, 243), and defendant's direction to the complainant to immediately release his hold on defendant under penalty of death by use of a displayed knife, immediately complied with, adequately supports the jury's determination that defendant threatened the immediate use of a dangerous instrument in his immediate flight from the scene of the attempted burglary (Penal Law §§ 110.00, 140.30 [3]).

Defendant failed to preserve by objection his current claim

that the prosecutor impermissibly cross-examined him regarding his prior convictions (CPL 470.05). In any event, by merely asking two questions of defendant at a midway point in his questioning of defendant regarding defendant's direct testimony, the prosecutor did not impermissibly link the prior convictions to the instant crime and implicitly make a propensity argument. Further, the prosecutor's comments thereon in summation, in the context of credibility issues, were appropriately responsive to the defense summation comments *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). The trial court's instruction to the jury limiting evidence of prior convictions to credibility issues presumably was understood and followed by the jurors *(People v Davis,* 58 NY2d 1102). Additionally, defendant did not preserve by objection his current claim of error in connection with that portion of the jury charge instructing that evidence of prior convictions was only one factor to be considered in determining credibility. In any event, the charge as a whole conveyed the appropriate legal principles *(People v Hurk,* 165 AD2d 687, *lv denied* 76 NY2d 1021).

However, we do find error in the trial court's jury charge regarding criminal possession of a weapon in the third degree, instructing "If a person is being detained for the arrival of the police and he pulls a knife on another person to effect his departure and menaces the other person, threatens to use it against him, that's unlawful use of a knife". This charge ignored the defense contention that the knife in question simply fell out of the defendant's pocket during his encounter with the complainant, while encouraging the jury to accept the complainant's testimony mirroring this "hypothetical" example of evidence sufficient to warrant a guilty verdict on the criminal possession of a weapon in the third degree count, thereby virtually directing a guilty verdict on that count *(see, People v Lee,* 192 AD2d 308, 310).

We have considered defendant's additional claims of error and find them to be unpersuasive. Concur—Wallach, J. P., Asch, Nardelli, Tom and Mazzarelli, JJ.