■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERLINDA BRUNDIDGE, Appellant. [648 NYS2d 415] —Judgment unanimously affirmed. Memorandum: By failing to object to the procedure used by Supreme Court in responding to notes received from the jury during deliberations, defendant failed to preserve for review her present argument that she was denied a meaningful opportunity to assist the court in formulating responses (*see, People v Starling,* 85 NY2d 509, 516; *People v DeRosario,* 81 NY2d 801, 803; *People v Green,* 207 AD2d 318, 319, *lv denied* 84 NY2d 935; *cf., People v O'Rama,* 78 NY2d 270). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's argument that a remark by the prosecutor on summation improperly characterized the evidence is not preserved for our review (*see,* CPL 470.05 [2]) and, in any event, is without merit. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRELLIS PRESLEY, Appellant. [648 NYS2d 64] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the showup identification should have been suppressed. Defendant was identified by an eyewitness within 15 minutes of the commission of the crime and very near to the crime scene. Although the police officer may have informed the eyewitness prior to the showup that defendant fit the description given by him and defendant was handcuffed at the showup, the proximity of the identification procedure to the time and place of the crime supports the conclusion that the showup was "within the permissible boundaries of the governing legal principles" (*People v Duuvon,* 77 NY2d 541, 544; *see, People v Rodriguez,* 64 NY2d 738, 740; *People v Torres,* 210 AD2d 875, *lv denied* 85 NY2d 944; *People v Lomack,* 174 AD2d 1037, *lv denied* 79 NY2d 829; *People v James,* 110 AD2d 1037, 1038). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Doerr, Balio and Boehm, JJ.