■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DUNHAM, Appellant. [692 NYS2d 244] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]). Defendant failed to preserve for our review his contention that the verdict is not supported by legally sufficient evidence (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, the evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), "could lead a rational trier of fact to conclude that the elements of the crime have been proven beyond a reasonable doubt" (*People v Cabey,* 85 NY2d 417, 421; *see, People v Williams,* 84 NY2d 925). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The credibility of the witnesses is best determined by the trier of fact (*see, People v Murphy,* 210 AD2d 886, *lv denied* 85 NY2d 865).

The two colloquies between Supreme Court and the jury did not violate the notice provision of CPL 310.30 (*see generally, People v O'Rama,* 78 NY2d 270, 276). The first colloquy involved "mere clarifying inquiries" by the court (*People v DeRosario,* 81 NY2d 801, 803; *see, People v Lykes,* 81 NY2d 767, 769-770). During the second colloquy, the court restated an element of the crime in response to a juror's question. That question concerned an issue previously raised in a written jury request to the court, which was reviewed by defense counsel (*see, People v Maxwell,* 235 AD2d 229, 230, *lv denied* 91 NY2d 894; *People v Perez,* 182 AD2d 355, *lv denied* 79 NY2d 1052).

Defendant was not denied a fair trial by prosecutorial misconduct on summation. Defendant agreed to the curative instructions given by the court with respect to two of the alleged instances of misconduct and did not seek further relief; thus, the curative instruction must be deemed to have corrected the alleged errors to defendant's satisfaction (*see, People v Heide,* 84 NY2d 943, 944; *People v Balkum,* 233 AD2d 929, 930, *lv denied* 89 NY2d 939). The remaining alleged instances

of misconduct were either fair comment on the evidence or fair response to defense counsel's summation (see, People v Halm, 81 NY2d 819, 820; People v Dunbar, 213 AD2d 1000, lv denied 85 NY2d 972).

We reject the contention of defendant that the two-month delay between the questioning by the police and his arrest, during which time he pleaded guilty to an unrelated crime, violated his right to counsel. Defendant has no constitutional right to be arrested (see, Hoffa v United States, 385 US 293, 310; People v Middleton, 54 NY2d 474, 481; People v Dyson, 221 AD2d 1004, lv denied 87 NY2d 1019). We further reject the contention of defendant that he was denied his right to be present at a material stage of the trial. At defendant's arraignment, the prosecutor and the court briefly discussed a possible conflict of interest involving prosecution witnesses and defense counsel. Because the issue was legal in nature, defendant's presence was not required (see, People v Jones, 213 AD2d 250, lv denied 86 NY2d 796; People v Medina, 208 AD2d 974, lv denied 84 NY2d 1035).

The court did not err in failing, sua sponte, to dismiss a potential juror. The colloquy between the court and the juror did not reveal that the juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). Defendant was not denied effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.