◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS JONES, Appellant. [719 NYS2d 426] —Judgment unanimously reversed on the law and new trial granted on counts one, three and six of the indictment. Memorandum: Defendant appeals from a judgment convicting him following a jury verdict of robbery in the second degree (Penal Law § 160.10 [3]), unlawful imprisonment in the first degree (Penal Law § 135.10) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). The charges arose from defendant's theft of a minivan while the owner of the vehicle was inside the gas station paying for his purchase. The owner's wife and baby were seated behind the driver's seat in the middle seat of the minivan when defendant drove off. Defendant stopped the vehicle after driving a short distance and allowed the woman and baby to leave the vehicle. Defendant was later arrested after he crashed the vehicle into a guardrail during a police chase. Contrary to defendant's contention, the conviction of robbery in the second degree is supported by legally sufficient evidence (see, People v Bleakley, 69 NY2d 490, 495).

We agree with defendant that County Court violated CPL 310.30 in responding to a question by a single juror. The jury made a written request for a readback on the elements of robbery in the second degree. After the court had provided the readback, a juror indicated that he had a question. The court asked what the question was, and the juror asked for further clarification concerning the meaning of the statutory term "immediate force." Without providing defense counsel with an opportunity to assist in the formulation of the response (see, People v O'Rama, 78 NY2d 270, 276-278), the court attempted to define the term "immediate," equating it with "imminent." In the presence of the jury, the court asked defense counsel to articulate any objection that he had to the court's instruction. Counsel indicated that the term "immediate" used in the statute needed no further definition. After the jury resumed its deliberations, counsel objected to the court's having required him to voice his objections to the instruction in the presence of the jury, and also objected to the court's having elaborated on the term "immediate," which is not defined in the Penal Law. The oral exchange between the court and the jury was not merely for the purpose of clarification (cf., People v Lykes, 81 NY2d 767, 770), but rather, included substantive discussions of

matters not raised in the original written question (*see, People v DeRosario,* 81 NY2d 801, 803). Thus, the court erred in failing to provide counsel with an opportunity to participate in the formulation of the response (*see, People v DeRosario, supra,* at 803), and compounded the error by requiring counsel to state his objection in the presence of the jury (*see, People v Carballo,* 158 AD2d 701, 704; *cf., People v Ponder,* 266 AD2d 826, 827, *lv denied* 94 NY2d 924, 95 NY2d 856).

We therefore reverse the judgment of conviction and grant a new trial on counts one, three and six of the indictment. In light of our reversal, we do not reach defendant's remaining contentions. (Appeal from Judgment of Erie County Court, D'Amico, J.—Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.