■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAQUAR C. JACKSON, Appellant. [745 NYS2d 255] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 22, 1999, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

In the midst of a dispute surrounding missing money and cocaine, defendant, an admitted drug dealer, fired a single shot from a handgun that struck and killed Lloyd Hill on October 7, 1998 in the City of Binghamton, Broome County. Defendant was charged with murder in the second degree and a jury found him guilty of the lesser included offense of manslaughter in the second degree. He was sentenced to an indeterminate term of imprisonment of 5 to 15 years. This appeal ensued.

Initially, we are unpersuaded by defendant's contention that jurors were improperly questioned outside of his presence during jury selection. A defendant has a statutory right, emanating from CPL 260.20, to be present at sidebar interviews of prospective jurors regarding possible bias or hostility (*see, People v Sprowal*, 84 NY2d 113; *People v Antommarchi*, 80 NY2d 247). When seeking reversal based upon a purported violation of such right, the defendant bears the burden of establishing wrongful exclusion (*see, People v Camacho*, 90 NY2d 558, 560; *People v Maher*, 89 NY2d 318, 325) and that such exclusion occurred when the defendant could have made a meaningful contribution regarding a discretionary decision to excuse jurors (*see, People v Maher, supra; People v Roman*, 88 NY2d 18).

The record reflects that at the commencement of the process in which jurors approached the bench to individually express their excuses and concerns regarding jury service, County Court stated that defendant had the right to be present. Defense counsel responded that he had explained the right to defendant and then defendant waived the right on the record. Thereafter, on two occasions before starting further individual questioning of jurors, defendant was notified of the right to be present and, on one occasion, he exercised that right. It is apparent that defendant was adequately afforded the right to be present during the individual questioning of jurors.

Defendant also argues that County Court violated CPL 310.30 when responding to a written inquiry from the jury during its deliberations. Defense counsel is entitled to "meaningful notice" of an inquiry from the jury, which includes actual notice of the specific content of the inquiry and an opportunity to provide input prior to the court's response (*see, People v O'Rama*, 78 NY2d 270; *see also, People v Cook*, 85 NY2d 928; *People v DeRosario*, 81 NY2d 801). During deliberation, the court received a note from the jury that read: "What is the legal definition of intent? Is there any reference to a time frame?" The court read the full content of the note into the record. The court indicated that it planned to respond to the

first question by reading the definition of intent as previously charged and, since it found the meaning of the second question unclear, it would ask the jury to clarify the question. The court adhered to its plan. Subsequently, when addressing the jury on an unrelated matter, the court inquired whether the second question pertained to the "time frame within which one would form intent" and, upon receiving an affirmative response, briefly addressed such issue. A colloquy clarifying a jury inquiry must be handled cautiously because if it strays to substantive issues not within the scope of the original inquiry then reversible error may be implicated (*see, People v DeRosario, supra*). Here, it is significant that defense counsel was given full notice of the complete inquiry of the jury and we find that the court's subsequent comments regarding the second question did not interject substantive issues outside the reasonable scope of the original inquiry (*see, People v Starling*, 85 NY2d 509, 516).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.