■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. SMITH, Appellant. [762 NYS2d 721] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered February 24, 1997, convicting defendant after a jury trial of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Following a jury trial, defendant was convicted of assault in the first degree (Penal Law § 120.10 [1]) for slitting the victim's throat with a knife. The sole issue at trial was the identification of defendant as the perpetrator of the crime. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim testified at trial that she knew defendant from her neighborhood and had met him on several prior occasions. Defendant further contends that the victim's in-court identification of him should have been suppressed because the photo array shown to the victim one month

after the attack was unduly suggestive. We disagree, and conclude that "the viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041, 1041 [1997]; *see People v Merriweather*, 298 AD2d 950 [2002], *lv denied* 99 NY2d 561 [2002]; *People v Martinez*, 298 AD2d 897, 897-898 [2002], *lv denied* 98 NY2d 769 [2002], *cert denied* 538 US —, 123 S Ct 1752 [2003]).

Although a piece of paper with the name "Billy" and a phone number on it was found at the scene of the crime, that piece of paper could not be located and was not produced at trial. Upon being informed of the loss of the evidence, defendant raised a *Brady* objection and sought dismissal of the indictment, a mistrial or an adverse inference charge. Supreme Court granted defendant's request for an instruction, but gave an instruction that did not include the language requested by defendant. Following defendant's objection, the court gave a supplemental instruction, to which defendant did not object. By failing to object to the supplemental charge, defendant is deemed to have been satisfied by the relief afforded (*see People v Whalen*, 59 NY2d 273, 280 [1983]; *see also People v McNear*, 265 AD2d 810, 811 [1999], *lv denied* 94 NY2d 864 [1999]; *People v Jakes*, 181 AD2d 913, 914 [1992], *lv denied* 80 NY2d 832 [1992]). In any event, "[t]he exculpatory potential of this evidence being purely speculative, its destruction by the police does not violate the *Brady* rule" (*People v LaBounty*, 127 AD2d 989, 989 [1987], *lv denied* 69 NY2d 1005 [1987]; *see People v Briggs*, 81 AD2d 1017 [1981]).

Defendant has failed to preserve for our review his contention that the loss or destruction of the piece of paper constitutes a *Rosario* violation (*see People v Dickson*, 260 AD2d 931, 932-933 [1999], *lv denied* 93 NY2d 1017 [1999]; *see also People v Rogelio*, 79 NY2d 843, 844 [1992]). In any event, the court did not abuse its discretion in fashioning an appropriate sanction for the loss of that evidence (*see People v Martinez*, 71 NY2d 937, 940 [1988]).

Defendant also failed to preserve for our review his contention that the court violated CPL 310.30 in responding to the jury's request for a copy of the indictment. "The court read the note[ ] in open court before responding to [it], and '[d]efendant did not lodge any objection to the manner of proceeding or the substance of the court's response[ ]' " (*People v Howard*, 267 AD2d 1006, 1007 [1999], *lv denied* 95 NY2d 835 [2000], *cert denied* 532 US 999 [2001], quoting *People v Starling*, 85 NY2d 509, 514 [1995]; *see People v Brundidge*, 231 AD2d 847 [1996],

*lv denied* 89 NY2d 920 [1996]; *cf. People v DeRosario*, 81 NY2d 801, 803 [1993]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). We further conclude that defendant was not denied a fair trial by prosecutorial misconduct on summation. Defendant failed to object to all but one of the alleged improper statements and thus failed to preserve for our review his challenges to those statements (*see People v Perez*, 298 AD2d 935, 937 [2002], *lv denied* 99 NY2d 562 [2002]). The statement to which defendant objected concerned specific testimony, and the court properly instructed the jurors that it was their role to determine what the testimony had been. In any event, "the comments made by the prosecutor were not so inflammatory or egregious as to amount to a denial of due process" (*People v Alshoaibi*, 273 AD2d 871, 873 [2000], *lv denied* 95 NY2d 960 [2000]).

Although the CPL 400.16 predicate felony statement failed to include the term of incarceration for one of defendant's prior violent felony convictions, defendant failed to raise any objection to that defect and thus failed to preserve for our review his contention that the court illegally sentenced him as a persistent violent felony offender (*see People v Polite*, 223 AD2d 564, 564-565 [1996], *lv denied* 88 NY2d 852 [1996]; *see also People v Proctor*, 79 NY2d 992, 993 [1992]). In any event, the court supplied the missing dates to defendant, who admitted the convictions. Thus, "to remit this matter for 'resentencing would be futile and pointless' " (*People v Ford*, 262 AD2d 1052, 1053 [1999], *lv denied* 93 NY2d 1044 [1999], quoting *People v Bouyea*, 64 NY2d 1140, 1142 [1985]). Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.