THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MOSS, Appellant. [773 NYS2d 699]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 3, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and unauthorized use of a vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (§ 160.10 [3]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]), defendant contends that the judgment should be reversed because he was denied a fair trial by prosecutorial misconduct, he was denied effective assistance of counsel and he is entitled to a new trial in the interest of justice. Defendant failed to object to any of the alleged instances of prosecutorial misconduct and therefore failed to preserve his contention for our review (*see People v Smith*, 306 AD2d 861, 863 [2003], *lv denied* 100 NY2d 599 [2003]; *People v Brazeau*, 304 AD2d 254, 257 [2003], *lv denied* 100 NY2d 579 [2003]). We decline to exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We conclude that defendant was not denied effective assistance of counsel. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). The assertion of defendant's appellate counsel that trial counsel should have pursued a "misidentification" defense merely constitutes a difference in trial strategy, which does not amount to ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]). Finally, we see no basis to reverse the judgment as a matter of discretion in the interest of justice. Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.