THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PELLER, Appellant. [778 NYS2d 627]—

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered September 5, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the third degree and aggravated criminal contempt.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of, inter alia, aggravated criminal contempt (Penal Law § 215.52), defendant contends that County Court erred in failing to give him the opportunity to provide input with respect to an inquiry from the jury received during deliberations. Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]). By its note, the jury requested the victim's statement to police. The record establishes that, upon reading the note in the presence of counsel and defendant, the court advised counsel and defendant that it intended to inform the jury that the statement was not admitted in evidence and thus that the jury could not have the statement. Thereafter, in the presence of the jury, the court properly read the note into the record and responded in accordance with its prior statement to counsel and defendant concerning its intended response to the jury note (*see* CPL 310.30; *People v Starling*, 85 NY2d 509, 516 [1995]; *People v Tolbert*, 283 AD2d 930 [2001], *lv denied* 96 NY2d 908 [2001]; *cf. People v O'Rama*, 78 NY2d 270, 278-279 [1991]). However, the court thereafter

asked the jury foreperson whether the jury would like to have the testimony of the victim concerning her statement read back, and the foreperson indicated that the jury would like that readback. The foreperson then orally requested other testimony related to the victim's version of the events. Defendant now contends that the court erred in failing to give him the opportunity to provide input with respect to the court's communications with the jury following the court's initial response to the jury note. Defendant failed to object at any time during or after the court's colloquy with the foreperson, rendering his present contention unpreserved for our review (*cf. People v DeRosario,* 81 NY2d 801, 803 [1993]). Contrary to defendant's contention, preservation is required, inasmuch as "defense counsel was present, was given notice, and participated in formulating the response[ ] to the written jury quer[y]" (*id.*). In any event, here, the court did not "interject substantive issues outside the reasonable scope of the original inquiry," and thus we conclude that defendant's contention is without merit (*People v Jackson,* 296 AD2d 658, 660 [2002], *lv denied* 98 NY2d 768 [2002]; *see also People v Dunham,* 261 AD2d 909 [1999], *lv denied* 93 NY2d 1017 [1999]; *cf. DeRosario,* 81 NY2d at 803). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.