THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BETANCOURT, Appellant. [964 NYS2d 264]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered April 22, 2008, convicting him of murder in the second degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review

the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, a review of the totality of the circumstances surrounding his questioning by the police demonstrates that his statements, which were preceded by his valid waiver of properly administered *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see People v Mateo*, 2 NY3d 383, 415-416 [2004], *cert denied* 542 US 946 [2004]; *People v DeCampoamor*, 91 AD3d 669, 670-671 [2012]). In this regard, the actions of the police in periodically questioning him over a seven-hour period while he remained in damp clothing did not render his resulting statements involuntary (*see People v Tarsia*, 50 NY2d 1, 12-13 [1980]; *People v DeCampoamor*, 91 AD3d at 670-671; *People v Miles*, 276 AD2d 566 [2000]; *People v Starks*, 139 AD2d 681, 682 [1988]). Moreover, there is no evidence that the defendant's physical condition impaired or undermined his ability to freely choose whether to make a statement (*see People v Williams*, 97 AD3d 769, 770 [2012]; *People v Legere*, 81 AD3d 746, 747-748 [2011]; *People v Timmons*, 54 AD3d 883, 884-885 [2008]; *People v Braithwaite*, 286 AD2d 507, 507 [2001]).

Similarly, the trial court providently exercised its discretion in ruling that the prosecution could inquire into two prior uncharged crimes allegedly committed by the defendant in the event that he testified at the trial (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Gray*, 84 NY2d 709, 712-714 [1995]). The prosecution demonstrated a good-faith factual basis for the inquiry (*see People v De Pasquale*, 54 NY2d 693, 694 [1981]; *People v Duffy*, 36 NY2d 258, 262 [1975], *cert denied* 423 US 861 [1975]; *People v Kass*, 25 NY2d 123, 126 [1969]), and the court appropriately weighed the probative value of the proposed inquiry to the issue of the defendant's credibility against the potential prejudice to the defendant in making its ruling (*see People v Smith*, 18 NY3d 588, 597-599 [2012]; *People v Harris*, 74 AD3d 984, 984 [2010]). Moreover, the mere fact that the uncharged crimes bore some similarities to the instant offenses did not warrant their preclusion (*see People v Lewis*, 101 AD3d 1154 [2012]; *People v Fotiou*, 39 AD3d 877, 878 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Sgroi and Cohen, JJ., concur.