■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS SHAULOV, Appellant. [966 NYS2d 680]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered March 27, 2012, convicting him of rape in the third degree (two counts), criminal sexual act in the third degree, endangering the welfare of a child, and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant received the effective assistance of counsel under both the state constitutional standard (*see People v Williams*, 8 NY3d 854, 855-856 [2007]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v West*, 105 AD3d 781 [2013]) and the federal constitutional standard (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's contention that his right to confrontation was violated (*see Crawford v Washington*, 541 US 36 [2004]) is not preserved for appellate review (*see People v Fleming*, 70 NY2d 947 [1988]; *People v Marino*, 21 AD3d 430, 431 [2005]; *see also People v Galloway*, 54 NY2d 396, 400 [1981]) and, in any event, is without merit (*see Davis v Washington*, 547 US 813, 821 [2006]; *Crawford v Washington*, 541 US at 53-54).

"The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Way*, 69 AD3d 964, 965 [2010]). Here, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial on the ground of unfair surprise.

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Galloway*, 54 NY2d at 400; *People v Malave*, 7 AD3d 542 [2004]) and, in any event, are without merit (*see People v Spicola*, 16 NY3d 441, 462-463, 465 [2011]; *People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Rosario*, 100 AD3d 660 [2012]; *People v Terry*, 85 AD3d 1485, 1488 [2011]). Rivera, J.P., Hall, Cohen and Miller, JJ., concur.