Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 30, 2010, convicting him of rape in the first degree and criminal sexual act in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated April 10, 2012, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.
Ordered that the judgment and the order are affirmed.
The defendant’s contention that his right to confrontation was violated (see Crawford v Washington, 541 US 36 [2004]) is unpreserved for appellate review (see CPL 470.05 [2]; People v Shaulov, 107 AD3d 829 [2013]) and, in any event, is without merit (see People v Pitre, 108 AD3d 643, 644 [2013]; People v Rios, 102 AD3d 473, 475 [2013]).
The defendant failed to preserve for appellate review his contention that certain testimony from the complaining witness’s mother and sister did not fall within the scope of the prompt outcry exception to the hearsay rule (see CPL 470.05 [2]; People v Batista, 92 AD3d 793 [2012]). In any event, the testimony from the complaining witness’s mother and sister concerning the nature of the complaint fell within the scope of the prompt outcry exception to the hearsay rule, and did not exceed the allowable level of detail (see People v Batista, 92 AD3d at 793-794; People v Bernardez, 63 AD3d 1174 [2009]; *1091 People v Salazar, 234 AD2d 322 [1996]). While testimony from those witnesses concerning the complaining witness’s identification of the defendant as the perpetrator should not have been elicited, the error was harmless under the circumstances of this case (see People v Rice, 75 NY2d 929, 932 [1990]; People v Stalter, 77 AD3d 776, 777 [2010]).
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Benevento, 91 NY2d 708 [1998]).
The Supreme Court properly denied the defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, which he made on the ground that a juror allegedly recognized him during the trial. The defendant’s assertion that he was not aware of the issue until after he was sentenced is refuted by the record, and the defendant did not offer any explanation for his failure to raise the issue and make a record prior to the imposition of sentence (see People v White, 300 AD2d 830, 832 [2002]; People v Berezansky, 229 AD2d 768, 771 [1996]; People v Williams, 190 AD2d 590 [1993]). In any event, the defendant failed to establish that he was prejudiced by the juror’s alleged recognition of him, as the juror’s affidavit did not indicate that her recognition of the defendant from church had any impact on the verdict or that she had any negative opinion of him (see People v Artis, 90 AD3d 1240, 1242 [2011]; People v Scoon, 303 AD2d 525, 526 [2003]). The defendant’s related claim that reversal is warranted because the juror allegedly engaged in improper communications with court officers is without merit (see People v Kelly, 5 NY3d 116 [2005]; People v Peters, 98 AD3d 587 [2012]; People v Horney, 112 AD2d 841, 844 [1985]).
Skelos, J.R, Sgroi, Cohen and LaSalle, JJ., concur.