People v Love (2020 NY Slip Op 02327)





People v Love


2020 NY Slip Op 02327


Decided on April 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-05482
 (Ind. No. 1910/16)

[*1]The People of the State of New York, respondent,
v
James Love, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered April 24, 2017, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
When making its Sandoval ruling (see People v Sandoval, 34 NY2d 371), the Supreme Court appropriately balanced the probative value of the proposed inquiry to the issue of the defendant's credibility against the potential prejudice to the defendant (see People v Betancourt, 106 AD3d 831, 831; People v Williams, 24 AD3d 882, 883; People v Levy, 290 AD2d 565).
The defendant failed to preserve for appellate review his contention that certain testimony concerning the complainant's disclosure of sexual abuse to the police constituted improper bolstering (see CPL 470.05[2]; People v Tucker, 117 AD3d 1090, 1090; People v Batista, 92 AD3d 793, 793). In any event, the testimony did not exceed the allowable level of detail concerning the alleged incidents permitted under the prompt outcry exception to the hearsay rule (see People v McDaniel, 81 NY2d 10, 18; People v Tucker, 117 AD3d 1090, 1090; People v Bernardez, 63 AD3d 1174, 1175). Moreover, contrary to the defendant's contention, the challenged testimony was relevant to explain the investigative process and to complete the narrative of events leading to the defendant's arrest (see People v Mehmood, 112 AD3d 850, 581; People v Ludwig, 104 AD3d 1162).
The defendant's contention that he was deprived of a fair trial due to certain improper questioning by the prosecutor during the cross-examination of a defense witness is without merit.
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Honghirun, 29 NY3d 284; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court