People v Craig (2020 NY Slip Op 05916)





People v Craig


2020 NY Slip Op 05916


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2015-10982
 (Ind. No. 1954/14)

[*1]The People of the State of New York, respondent,
v
Earlin T. Craig, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered September 30, 2015, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that a mode of proceedings error occurred because the Supreme Court did not comply precisely with CPL 310.30 in accordance with the requirements of People v O'Rama (78 NY2d 270) in response to a jury note is without merit. The defendant and defense counsel were clearly afforded meaningful notice of the jury's note requesting a readback of the defendant's testimony prior to the time the court gave the jury any substantive information or instruction (see People v Lykes, 81 NY2d 767, 770). The court's initial response was simply a ministerial communication that a readback of the defendant's testimony would commence after lunch, which "is not the kind of substantive response that implicates O'Rama" (People v Mays, 20 NY3d 969, 971; see People v Gerrara, 88 AD3d 811, 813). It "conveyed no information pertaining to the law or facts of the case, and did not limit or channel the jury's question, explicitly leaving open the possibility that the jury wanted 'something else'" (People v Lykes, 81 NY2d at 770). During the lunch recess, however, the jury sent the court a second note indicating that it had reached a verdict. The defendant and defense counsel were notified of both notes immediately upon their return from the lunch recess and the contents of the notes were read into the record in the presence of the defendant, defense counsel, and the prosecutor. When the jurors entered the courtroom, the court formally responded to the notes by inquiring whether the jury still desired a readback and, upon learning that they did not and had reached a verdict, taking the verdict. The defendant did not object to the inquiry or the procedure employed by the court. Under these circumstances, defense counsel had an opportunity to participate in the formulation of a substantive response to the request for a readback of his testimony before any formal response was given, and the requirements of CPL 310.30 were not violated (see People v Lykes, 81 NY2d at 770; see also People v Mays, 20 NY3d at 971).
The defendant's contention that the count of the indictment charging sexual abuse in the first degree was rendered duplicitous by trial testimony is unpreserved for appellate review (see [*2]CPL 470.05[2]; People v Becoats, 17 NY3d 643, 650-651; People v Bentley, 186 AD3d 844, 844-845), and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Adams, 140 AD3d 1179).
The defendant failed to preserve for appellate review his contention that certain testimony concerning the complainant's disclosures of sexual abuse constituted improper bolstering (see CPL 470.05[2]; People v Love, 182 AD3d 561), and we decline to review that contention in the exercise of our interest of justice jurisdiction (see People v Smith, 48 AD3d 489).
The defendant's contention that certain remarks made by the prosecutor during summation require reversal is unpreserved for appellate review, since the defendant completely failed to object to the remarks at issue and failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Willis, 165 AD3d 984, 985), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Jones, 139 AD3d 878, 880).
The defendant's contention that the Supreme Court should have given a limiting instruction regarding the testimony concerning the complainant's sexual abuse disclosures is without merit. The court expressly precluded the witnesses from providing specific details regarding the disclosures and twice instructed the jury that the testimony was not offered for its truth (see People v Honghirun, 29 NY3d 284, 287-288). Accordingly, the defendant was not prejudiced by the admission of this testimony and was not deprived of a fair trial on this basis.
The Supreme Court providently exercised its discretion in admitting testimony of the People's expert concerning the behavior of child sexual abuse victims. The expert spoke in general terms, noting that she had never met or treated the complainant, and "the testimony assisted in explaining the behavior of the [complainant] following the alleged abuse that the jury might not otherwise understand" (People v Taylor, 165 AD3d 707, 709; see People v Simms, 178 AD3d 963, 965).
The defendant's contention that he was deprived of the effective assistance of counsel because his counsel failed to object to certain testimony, certain of the prosecutor's summation comments, and the Supreme Court's charge regarding the count of the sexual abuse in the first degree is without merit. Defense counsel was not ineffective for failing to make a futile objection (see People v Stultz, 2 NY3d 277, 287). Viewed in their totality, the circumstances reveal that defense counsel provided meaningful representation (see Strickland v Washington, 466 US 668; People v Clark, 28 NY3d 556, 562-563).
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court