People v Agee (2022 NY Slip Op 03855)

People v Agee

2022 NY Slip Op 03855

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

554 KA 17-00928

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JKENDRIC AGEE, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, ACTING DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered March 9, 2017. The judgment convicted defendant upon a jury verdict of promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]), defendant contends that County Court committed an O'Rama violation that constituted a mode of proceedings error when it failed to give defense counsel an opportunity for input before responding to a note from the jury (see People v O'Rama, 78 NY2d 270, 277-278 [1991]). We reject that contention. "[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (People v Nealon, 26 NY3d 152, 161 [2015]; see People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]). Here, "the only reasonable interpretation of the note in question" (People v Mitchell, 46 AD3d 480, 480 [1st Dept 2007], lv denied 10 NY3d 842 [2008]) is that the jury was requesting one of two exhibits. Defendant had previously agreed to the jury charge, which instructed jurors that they could request that any of the exhibits be provided to them during deliberations (see CPL 310.20 [1]; People v Gelling, 163 AD3d 1489, 1490-1491 [4th Dept 2018], amended on rearg 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]). The jury's request thus "was nothing more than an inquiry of a ministerial nature . . . , unrelated to the substance of the verdict . . . As a result, the judge was not required to notify defense counsel nor provide them with an opportunity to respond, as neither defense counsel nor defendant could have provided a meaningful contribution" (People v Ochoa, 14 NY3d 180, 188 [2010]). The court therefore acted within its discretion by responding to the note without input from the parties inasmuch as the court's response "was simply a request for clarification as to what the jury wanted . . . [ and] conveyed no information pertaining to the law or facts of the case" (People v Lykes, 81 NY2d 767, 770 [1993]; see Ochoa, 14 NY3d at 188 [2010]).
We have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court